J-S10017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD TORRES-SANTOS | : | |
| | : | |
| Appellant | : | No. 1216 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 24, 2019,
in the Court of Common Pleas of Berks County,
Criminal Division at No(s):  CP-06-CR-0001344-2018.

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:  **FILED: MAY 11, 2020**

Ronald Torres-Santos appeals from the judgment of sentence of 30 days to six months in the county jail, which the trial court imposed after convicting him on two counts of driving under the influence and related summary offenses.[1]  Mr. Torres-Santos challenges the denial of his motion to suppress evidence that he believes police seized during an unconstitutional traffic stop. We affirm.

When reviewing the denial of a suppression motion, the appellate court may only determine if the record supports the trial court's factual findings and whether the legal conclusions drawn from those factual findings are correct. **Commonwealth v. Smith**, 177 A.3d 915, 918 (Pa. Super. 2017).  Because the Commonwealth won below, our scope of review encompasses only its

_____

[1] **See** 75 Pa.C.S.A. §§ 3802(a)(1), 3802(b), 3309(1), and 3714(a).

evidence and any uncontradicted evidence from the defense.  *See id.*   Also, it includes only the record of the suppression hearing.  *See In re L.J.*, 79 A.3d 1073, 1085 (Pa. 2013).  That said, because Mr. Torres-Santos challenges the constitutionality of a warrantless traffic stop, our standard of review is *de novo*.  *See Commonwealth v. Romero*, 183 A.3d 364, 377 (Pa. 2018).

The only witness at the suppression hearing was Pennsylvania State Trooper Benjamin Scott, whom the suppression court found credible.  *See* Trial Court Opinion, 10/18/18, at 2-4.  Trooper Scott's rendition of the facts is therefore conclusive for purposes of our review.

According to Trooper Scott, around 2:40 a.m. on January 3, 2018, he was driving in the right-hand lane of a public roadway, while Mr. Torres-Santos was driving the car in front of him.  The trooper followed Mr. Torres-Santos for less than a mile, during which time he observed the right tires of Mr. Torres-Santos' vehicle drift completely across the fog line twice and his left tires drift completely across the lane-dividing line twice.  These observations were, in Trooper Scott's opinion, "[s]igns of impairment, drunk driving."  N.T., 8/31/18, at 12.  He activated his lights and sirens to initiate a traffic stop and thereby gained evidence proving that Mr. Torres-Santos was DUI.  The trooper arrested him.

The suppression court concluded that "Trooper Scott had probable cause to believe [Mr. Torres-Santos] violated Section 3309(1) of the Vehicle Code, because he saw the tires of [Mr. Torres-Santos'] vehicle cross over the center, dotted line twice and the white fog line twice."  Trial Court Opinion, 10/18/18,

at 5. "Therefore, the motor vehicle stop was lawful." *Id.* The trial court subsequently convicted and sentenced Mr. Torres-Santos as described above, and this timely appeal followed.

Mr. Torres-Santos raises one issue on appeal. He asks whether the trooper's "stop of [his] vehicle was not based on the requisite probable cause and/or reasonable suspicion," such that the suppression court "erred in denying [his] suppression motion . . . ." Mr. Torres-Santos' Brief at 4.

He argues that, by drifting from his lane four times, in less than a mile, his actions did not "give rise to a Vehicle Code violation and were also not enough to provide reasonable suspicion for a stop." *Id.* at 8. Specifically, Mr. Torres-Santos claims this did not rise to the level of "severe driving issues and a safety danger to allow for a defendant to be pulled over" for violating Section 3309 of the Vehicle Code. *Id.* at 15. Thus, he disagrees with the suppression court's holding that there was probable cause for the trooper to stop him for failing to stay in his lane of traffic.

We observe that Mr. Torres-Santos does not claim the Constitution of the Commonwealth of Pennsylvania affords him any greater protection from this traffic stop than does the Constitution of the United States. Thus, we review his state and federal claims together and analyze the respective safeguards of the two constitutions as coextensive.

The Fourth Amendment to the federal constitution dictates:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue,

> but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.  Similarly, the state constitution provides, "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause . . . ."  Pa. Const. art. I, § 8.  When applying search-and-seizure jurisprudence, we use the "totality-of-the-circumstances approach" to review state action.  *Illinois v. Gates*, 462 U.S. 213, 231 (1983).

Under Pennsylvania law, "Whenever a police officer . . . has reasonable suspicion that a violation of [the Vehicle Code] is occurring or has occurred, he may stop a vehicle, upon request or signal . . . to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title."  75 Pa.C.S.A. § 6308(b).  Interpreting this statute as amended, the Supreme Court of Pennsylvania explained, "the legislature did not wish to create a higher standard than that required under the Constitution."  *Commonwealth v. Chase*, 960 A.2d 108, 115 (Pa. 2008). Thus, the application of Section 6308(b) coincides with the constitutional tests of either (1) reasonable suspicion to stop a car to investigate further whether crime is afoot or (2) probable cause to stop a car because the driver has probably violated the Vehicle Code.  *See id.*

The constitutions demand varying degrees of certainty depending on the nature of the offense for which a police officer stops a vehicle. For example, the police may stop for DUI based on reasonable suspicion, because further investigation is needed to substantiate whether a crime is in progress. **See id.** at 116. However, police cannot stop a vehicle stop for moving violations and other similar "offenses [that are] not 'investigatable' [based on] reasonable suspicion, because the purposes of a **Terry** stop[2] do not exist . . . ." **Id.** For moving violations, officers must "have probable cause to make a constitutional vehicle stop . . . ." **Id.**

Here, the suppression court determined that the trooper had probable cause to stop Mr. Torres-Santos for a moving violation, under 75 Pa.C.S.A. § 3309(1). We agree.

Section 3309(1) mandates that, if a roadway has two or more clearly marked lanes for traffic, a "vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety." 75 Pa.C.S.A. § 3309(1). Because a driver can only violate this provision while a car is in motion, under **Chase**, **supra**, further investigative purposes cannot exist once a traffic stop has occurred. Thus, an officer must possess probable

---

2 **See Terry v. Ohio**, 392 U.S. 1 (1968) (holding that that the Fourth Amendment's prohibition against unreasonable searches and seizures is not violated when a police officer stops a suspect to investigate her, if the officer has a reasonable suspicion that she has committed, is committing, or is about to commit a crime).

cause to stop someone for a violation of Section 3309(1); reasonable suspicion alone will not suffice. *See Commonwealth v. Feczko*, 10 A.3d at 1285, 1292 (Pa. Super. 2010) (*en banc*), *appeal denied*, 10 A.3d 1285 (Pa. 2011).

Probable cause is "a practical, nontechnical conception. In dealing with probable cause, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Gates*, 462 U.S. at 231. "[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Id.* at 232. Thus, the critical inquiry for us is "whether the facts and circumstances which are within the knowledge of the officer at the time of the [stop] . . . are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." *Commonwealth v. Cephus*, 208 A.3d 1096, 1099 (Pa. Super. 2019), *reconsider denied* (June 13, 2019), *appeal denied*, 219 A.3d 596 (Pa. 2019).

In *Cephus*, this Court held that the Commonwealth presented sufficient evidence to establish probable cause that a driver had likely violated Section 3309(1) of the Vehicle Code. There, the officer followed the suspect driver for over "a couple hundred yards." *Id.* at 1098. He observed the driver's wheel cross the left line demarcating the driver's lane of traffic on at least four occasions. The suppression court denied the defendant's request to suppress the evidence seized following a traffic stop of his vehicle. This Court affirmed.

We concluded that "the trial court did not err in finding . . . probable cause to stop [Cephus'] vehicle when [the trooper] observed the vehicle failing to maintain its lane on multiple occasions and stopped the vehicle only after observing repeated violations." **Id.** at 1100 (quotation marks and citation omitted).

Mr. Torres-Santos, like the defendant in **Cephus**, drifted from the right-hand lane at least four times. He drifted twice to his left, *i.e.*, into a lane reserved for other vehicles. Thus, pursuant to **Cephus**, Mr. Torres-Santos displayed conduct warranting a reasonably cautious person to believe that he probably violated 75 Pa.C.S.A. § 3309(1). Thus, we agree with the suppression court; the trooper possessed probable cause to stop Mr. Torres-Santos for the traffic offense of failing to remain in his lane of travel.

The evidence that Trooper Scott discovered and seized as a result of this constitutional traffic stop is not fruit of the poisonous tree, **see**, **e.g.**, **Wong Sun v. United States**, 371 U.S. 471 (1963), and the court of common pleas properly admitted it into evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/11/2020

- 7 -